# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-0660V
UNPUBLISHED

| | |
|---|---|
| JUDY WELCH,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: March 1, 2021<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement;  Table Injury;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Amanda Pasciuto, U.S. Department of Justice, Washington, DC, for Respondent.*

### RULING ON ENTITLEMENT[1]

On May 10, 2018, Judy Welch filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine she received on August 31, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 18, 2020, I issued Findings of Fact in which I determined that "the flu vaccine alleged as causal was administered in Petitioner's right deltoid; that her pain and reduced range of motion were limited to the shoulder in which the intramuscular vaccine was administered; and that the onset of Petitioner's SIRVA-related pain occurred

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

within 48 hours of vaccination." ECF No. 32 at 1-2. In reaction, on February 26, 2021, Respondent filed an Amended Rule 4(c) Report indicating that while preserving his right to appeal the November 18, 2020 Fact Finding, he "does not dispute that [P]etitioner has satisfied all legal prerequisites for compensation under the Act." Respondent's Rule 4(c) Report at 6 (citing 42 U.S.C. § 300aa-13).

Specifically, Respondent stated as follows:

In light of the Chief Special Master's fact finding, and medical record evidence submitted in this case, [the Secretary] will not continue to contest that petitioner suffered SIRVA as defined by the Vaccine Injury Table . . . In addition, petitioner suffered the residual effects of her condition for more than six months. 42 U.S.C. § 300aa-11(c)(1)(D)(i). Therefore, based on the record as it stands and subject to his right to appeal the Findings of Fact, respondent does not dispute that petitioner has satisfied all legal perquisites for compensation under the Act. 42 U.S.C. § 300aa-13.

*Id.* at 5-6.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master
